IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

CLETUS JOHN ROBERT FRANKLIN, )
)
    Plaintiff, )
)
VS. )    No. 15-2546-JDT-tmp
)
DUSTIN CHUMLEY, ET AL., )
)
    Defendants. )

ORDER DENYING MOTION FOR RECONSIDERATION
AND DIRECTING PLAINTIFF TO FILE UPDATED FINANCIAL
INFORMATION OR PAY THE FULL $505 APPELLATE FILING FEE

    The *pro se* prisoner Plaintiff, Cletus John Robert Franklin, filed a complaint pursuant to 42 U.S.C. § 1983. (ECF No. 1.) The Court granted leave to proceed *in forma pauperis* and assessed the civil filing fee in accordance with the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(a)-(b). (ECF No. 4.) Plaintiff filed an amended complaint on December 7, 2015. (ECF No. 6.) On July 19, 2016, the Court issued an order *sua sponte* dismissing the complaint and amended complaint for failure to state a claim, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). (ECF No. 11.) Judgment was entered on July 20, 2016. (ECF No. 12.)

    Plaintiff filed a motion for reconsideration on August 3, 2016. (ECF No. 13.) He contends the Court should not have dismissed his procedural due process claim or at least should have permitted him to further amend the complaint.

Plaintiff alleges that he agreed to plead guilty to a prison disciplinary charge of damaging a cooler door in exchange for a sentence of five days of punitive segregation and a $4.00 fine. However, he contends that he later discovered the Agreement to Plead Guilty and Waiver of Disciplinary Hearing and Due Process Right that he signed had been altered to include the payment of $1,885.00 in restitution from his prison trust account and the loss of his prison job. In dismissing the due process claim, the Court found that under the principles of *Sandin v. Connor*, 515 U.S. 472 (1995), the imposition of these additional punishments was not an "atypical and significant hardship" on Plaintiff "in relation to the ordinary incidents of prison life." *Id.* at 484.

Plaintiff now contends in his motion to reconsider that the Court was in error in holding that *Sandin* applies to property interests, as opposed to liberty interests, citing *Jeffries v. Tenn. Dep't of Corr.*, 108 S.W. 3d 862 (Tenn. Ct. App. 2002). In *Jeffries*, a prisoner who was convicted of disciplinary charges and ordered to pay $810.00 in restitution filed a petition for common law writ of certiorari. The Tennessee Court of Appeals held that *Sandin* did not apply to a due process claim "in the context of a taking of a prisoner's property." *Id.* at 871.

This Court is not bound by the holding in *Jeffries*, which applies only to claims brought in the state courts of Tennessee. The federal courts are divided on the question of whether *Sandin* applies to property interests, and the Sixth Circuit has not yet squarely decided the issue. *See Pickelhaupt v. Jackson*, 364 F. App'x 221, 225-26 (6th Cir. 2010)

(discussing Circuit split and prior Sixth Circuit holdings).[1] Furthermore, even if Plaintiff did have a protectable property interest in relation to the restitution order, his claim is barred by the doctrine of *Parratt v. Taylor*, 451 U.S. 527 (1981), *partially overruled by Daniels v. Williams*, 474 U.S. 327, 330-31 (1986), and *Hudson v. Palmer*, 468 U.S. 517 (1984). Under the holdings of these cases, neither negligent nor intentional deprivations of property violate the Due Process Clause if adequate state post-deprivation remedies are available. *Hudson*, 468 U.S. at 530-36; *Parratt*, 451 U.S. at 542-43.

Plaintiff could have filed a state petition for common law writ of certiorari challenging the allegedly modified disciplinary judgment in accordance with Tennessee Code Annotated § 27-9-102. *See Rhoden v. State Dep't of Corr.*, 984 S.W.2d 955, 956 (Tenn. Ct. App. 1998). He also had the option of suing the Defendants in state court.

Nothing in Plaintiff's motion to reconsider persuades the Court that the order of dismissal should be set aside or modified. Therefore, Plaintiff's motion is DENIED.

On September 6, 2016, Plaintiff filed a notice of appeal. (ECF No. 14.) Generally, a plaintiff granted leave to proceed *in forma pauperis* is not required to pay filing fees. 28 U.S.C. § 1915(a)(1). Because Plaintiff is a prisoner, however, he must pay the entire $505 appellate filing fee, although he may be able to take advantage of the installment payment method of § 1915(b). *See McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997),

---

[1] Some panels of the Sixth Circuit, citing *Sandin*, have held that an inmate has no state-created constitutionally protectable property interest in a prison job or wages. *See Dobbins v. Craycraft*, 423 F. App'x 550, 552 (6th Cir. 2011); *Clarkston v. Powers*, No. 00-5065, 2000 WL 1679466, at *1 (Nov. 2, 2000); *Perry v. Rose*, No. 99-5240, 2000 WL 191803, at *1 (Feb. 7, 2000).

*partially overruled on other grounds by LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013). In order to take advantage of the installment procedures, a prisoner plaintiff must submit, along with the notice of appeal, an updated *in forma pauperis* affidavit and inmate trust account statement. *Id.* at 610; 28 U.S.C. § 1915(a)(2).

In this case, Plaintiff did not submit an updated *in forma pauperis* affidavit and trust account statement with the notice of appeal. Therefore, at the present time, he is not eligible to take advantage of the installment procedures of § 1915(b). Plaintiff is, however, liable to the Court for the full $505 appellate filing fee, which accrued at the moment the notice of appeal was filed. Accordingly, Plaintiff is hereby ORDERED to submit either the full $505 appellate filing fee or an updated *in forma pauperis* affidavit and trust account statement within 30 days after the date of this order.

If Plaintiff fails to file the required documents in a timely manner, the Court will deny leave to appeal *in forma pauperis* and assess the entire $505 filing fee from his inmate trust account without regard to the installment procedures, and the Sixth Circuit may dismiss the appeal for failure to prosecute.

The Clerk is directed to provide Plaintiff with a copy of the prisoner affidavit form along with this order. The Clerk is further directed to notify the Sixth Circuit of the entry of this order.

IT IS SO ORDERED.

    s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE