IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| CLETUS JOHN ROBERT FRANKLIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| VS. | ) No. 15-2546-JDT-cgc |
| | ) |
| DUSTIN CHUMLEY, ET AL., | ) |
| | ) |
| Defendants. | ) |

ORDER DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS* AND
ASSESSING $505 APPELLATE FILING FEE

On September 6, 2016, the *pro se* prisoner Plaintiff, Cletus John Robert Franklin, Tennessee Department of Correction number 345581, an inmate at the Whiteville Correctional Facility ("WCF") in Whiteville, Tennessee, filed a notice of appeal. (ECF No. 14.) The Court issued an order on September 9, 2016, that, *inter alia*, directed Plaintiff to submit, within thirty days, either the entire $505 appellate filing fee or an updated *in forma pauperis* affidavit and a current copy of his inmate trust account statement for the last six months, as required by the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(a)-(b). (ECF No. 17 at 3-4.) Plaintiff was warned that failure to comply could result in assessment of the filing fee from his trust account without regard to the installment procedures of the PLRA and the dismissal of his appeal by the Sixth Circuit. (*Id.* at 4.) The Court subsequently granted Plaintiff an extension of time, through November 14, 2016, in which to file the necessary information (ECF No. 19.)

Plaintiff has failed to submit the required documentation, and the time within which to do so has expired. Accordingly, leave to appeal *in forma pauperis* is DENIED. In addition, on

December 8, 2016, the Sixth Circuit dismissed the appeal for failure to comply with the deficiency order. *Franklin v. Chumley*, No. 16-6380 (6th Cir. Dec. 8, 2016) (order dismissing appeal).

Notwithstanding Plaintiff's failure to comply with the deficiency order and the dismissal of his appeal, the Court must assess the entire $505 appellate filing fee. *See McGore v. Wrigglesworth*, 114 F.3d 601, 610 (6th Cir. 1997), *partially overruled on other grounds by LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013).

It is ORDERED that Plaintiff cooperate fully with prison officials in carrying out this order. It is further ORDERED that the trust fund officer at Plaintiff's prison shall withdraw from Plaintiff's trust account the sum of $505 and forward that amount to the Clerk of this Court. If the funds in Plaintiff's account are insufficient to pay the full amount of the appellate filing fee, the prison official is instructed to withdraw all of the funds in Plaintiff's account and forward them to the Clerk of Court. On each occasion that funds are subsequently credited to Plaintiff's account, the prison official shall immediately withdraw those funds and forward them to the Clerk of Court, until the appellate filing fee is paid in full. The trust account officer is not required to remit any balance less than $10, unless that amount would constitute the final installment of the appellate filing fee, provided that any balance under $10 is held in custody for purposes of paying the appellate filing fee in this action and is promptly remitted to the Clerk when sufficient funds are deposited into Plaintiff's account to bring the balance to $10.

Each time that the trust account officer makes a payment to the Court as required by this order, he shall print a copy of the prisoner's account statement showing all activity in the account since the last payment under this order and file it with the Clerk along with the payment. All payments and account statements shall be sent to:

Clerk, United States District Court, Western District of Tennessee
167 N. Main St., Room 242, Memphis, TN  38103

and shall clearly identify Plaintiff's name and the case number as it appears on the first page of this order. If Plaintiff is transferred to a different prison or released, he shall provide the officials at the new prison with a copy of this order.

The Clerk is ORDERED to mail a copy of this order to the prison official in charge of inmate trust accounts at the Plaintiff's prison. The Clerk is further ORDERED to forward a copy of this order to the Warden of the WCF to ensure that the custodian of Plaintiff's inmate trust account complies with that portion of the PLRA pertaining to the payment of filing fees.

IT IS SO ORDERED.

    s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE